IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HARLEY HOWARD,<br><br>                Plaintiff,<br>vs.<br><br>ANNETTE CARTER, et al.,<br><br>                Defendants. | CV 20-39-H-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiff Harley Howard ("Howard") filed this 42 U.S.C. § 1983 action alleging violations of his constitutional rights. (Doc. 2.) Howard seeks compensatory and punitive damages, declaratory relief, and injunctive relief against members of the Montana Board of Pardons and Parole (BOPP) and legal counsel for the Montana Department of Corrections regarding the procedures used in his parole hearing. (*Id.* at 16-18.) Howard alleges violations of due process and equal protection under Montana statutory law in Counts 1-5 of his Complaint. (*Id.*

1

at 10-14.) Howard also alleges that Defendants conspired to deprive him of his constitutional rights under Montana law in Count 6. (*Id.* at 15.)

United States Magistrate Judge John Johnston issued Findings and Recommendations on August 11, 2020. (Doc. 4.) Judge Johnston recommended that the Court should dismiss Howard's claims brought pursuant to 42 U.S.C. § 1983 and that the Court should decline to exercise jurisdiction over Howard's state law claims. (*Id.* at 15.) Howard filed objections to Judge Johnston's Findings and Recommendations. (Doc. 6.)

The Court reviews *de novo* those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the Findings and Recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014).

Howard objects to Judge Johnston's findings that Sellner failed to state any plausible Federal Equal Protection Violations in Counts 1 and 5. (Doc. 6 at 1-2.) In Count 1, Howard claims that Defendants Carter, Bauer, and Lucero violated his constitutional right to fair and equal treatment under the state open records statutes and treated him differently from Inmate Miller. (Doc. 2 at 10.) In Count 5, Howard argues Defendants Carter, Bauer, and Lucero violated his constitutional right to fair and equal treatment under state administrative procedure statutes when in August 2017 they began to utilize a new parole point scoring system to evaluate state prisoners for release. (*Id.* at 14.) Howard claims that he was therefore treated differently than all state prisoners who had parole hearings prior to August 2017. Howard contends those prisoners had the benefit of proper notice of all board rules and procedures used to conduct their parole hearings and could effectively participate in their own hearings. (*Id.*)

Howard also objects to Judge Johnston's findings that Howard failed to state any Federal Due Process Violations in Counts 2, 3, and 4. (Doc. 6 at 4-5.) In Count 2, Howard alleges that Defendants Carter, Bauer, and Lucero violated his constitutional right to fair and equal treatment under the state open records statutes and treated him differently from Inmate Miller. (Doc. 2 at 11.) In Count 3, Howard alleges Defendants Carter, Bauer, and Lucero violated his constitutional due

3

process right to the procedural and due process protections mandated in the state parole board administrative rules. Howard asserts that Defendants refused to allow him to examine his parole sheet so that he could ensure it was accurate pursuant to *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 15-16 (1979). (*Id.* at 12.) In Count 4, Howard alleges that Defendants Carter, Bauer, and Lucero violated his constitutional right to due process mandated by state statutes when they secretly used an illegally adopted numeric scoring system to decide his parole eligibility without affording him notice. (*Id.* at 13.) Howard asserts a liberty interest in verifying the correctness of his parole score sheet. (*Id.*)

The Court has reviewed Judge Johnston's Findings and Recommendations regarding Counts 1-5 *de novo*. *See* 28 U.S.C. § 636(b)(1). Howard's Counts 1-5 allege violations of due process and equal protection under Montana statutory law. To state a claim under 42 U.S.C. § 1983, a violation of state law may form the basis for an action but only when that violation causes the deprivation of a right protected by the United States Constitution. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Howard may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). Whether the Parole Board followed state law or its own procedures is an issue of state law. Howard's

allegations that his parole hearing violated Montana statutes or the mandates of the operational procedures for the Parole Board fails to state a cognizable federal claim for violation of due process. Because Howard has failed to state a federal claim for relief, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there exists supplemental jurisdiction over claims that are part of the same case or controversy).

Howard objects to Judge Johnston's finding that Howard failed to state a plausible federal civil conspiracy claim in Count 6. (Doc. 6 at 5.) In Count 6, Howard alleges civil conspiracy under 42 U.S.C. § 1983. Howard contends Defendants Carter, Bauer, Lucero, Bell, and Newman acted in concert with Defendants Ambrose, Lishman, and Schneider to deprive him of his constitutional right to equal protection and due process under Montana law. (Doc. 2 at 15.)

The Court has reviewed Judge Johnston's Findings and Recommendations regarding Count 6 *de novo*. *See* 28 U.S.C. § 636(b)(1). In the context of conspiracy claims brought pursuant to section 1983, a complaint must allege facts to support the existence of a conspiracy among the defendants. *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A plaintiff must allege that defendants conspired or acted jointly in concert and performed some overt act in furtherance

5

of the conspiracy. *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974). Conspiracy allegations must contain more than mere conclusory statements. *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1979). Howard's Complaint does not allege sufficiently specific facts in support of his conspiracy claim. (*See* Doc. 2 at 15.) Howard fails to allege facts supporting how the Defendants formed a conspiracy or how Howard's injuries resulted from a conspiracy.

The Court's *de novo review* constitutes full agreement with Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

2. Howard's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** and the Court declines to exercise jurisdiction over Howard's state law claims.

3. This matter is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

5. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Howard's allegations fail to state a claim.

**DATED** this 20th day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court